IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  03-CV-00241-WYD-BNB

JOHN ERIC THOMAS,

     Plaintiff,

v.

JOSEPH E. GUNJA, Warden,
CORRECTIONAL OFFICER [MALE] VALLE,
CORRECTIONAL OFFICER [MALE] WATSON,
C. SANTOS [FEMALE] Physician Assistant [P.A.],
C. GARCIA [MALE] Physician Assistant [P.A.],
CORRECTIONAL OFFICER [MALE] ROBLISS,
MR. ACOSTA, Assistant Warden,
SPECIAL HOUSING UNIT (S.H.U.) [MALE] LIEUTENANT CORRECTIONAL OFFICER
L. RITTENMEYER,

     Defendants.

---

**ORDER AFFIRMING AND ADOPTING
UNITED STATES MAGISTRATE JUDGE'S RECOMMENDATION**

---

THIS MATTER is before the Court on *pro se* Plaintiff John Eric Thomas' multiple motions seeking relief from various Indiana State correctional officers:

1. Plaintiff's "Pro Se" Motion for Temporary Restraining Order Pursuant to Fed. Rules of Civil Procedure, Rule 56(b)(d) (Doc. #85), filed December 6, 2004;

2. Plaintiff's "Pro Se" Motion for Temporary Restraining Order Pursuant to Fed. Rules of Civil Procedure, Rule 56(b)(d) (Doc. #90), filed December 20, 2004;

3.  Plaintiff's "Pro Se" Motion for Court to [Order] Prison Officials (Doc. #93), filed December 27, 2004;

4.  Plaintiff's "Pro Se" Motion to [Order] Prison Officials . . . (Doc. #97), filed January 24, 2005;

5.  Plaintiff's "Pro Se" Motion for Temporary Restraining Order Pursuant to Fed. Rules of Civil Procedure, Rule 56(b)(d) (Doc. #98), filed January 24, 2005;

6.  Plaintiff's "Pro Se" Motion for Temporary Restraining Order Pursuant to Fed. Rules of Civil Procedure, Rule 56(b)(d) (Doc. #100), filed January 28, 2005;

7.  Plaintiff's "Pro Se" Motion for Temporary Restraining Order Pursuant to Fed. Rules of Civil Procedure, Rule 56(b)(d) (Doc. #103), filed February 7, 2005;

8.  Plaintiff's "Pro Se" Motion for Temporary Restraining Order Pursuant to Fed. Rules of Civil Procedure, Rule 56(b)(d) (Doc. #105), filed February 14, 2005;

9.  Plaintiff's "Pro Se" Motion for Temporary Restraining Order Pursuant to Fed. Rules of Civil Procedure, Rule 56(b)(d) (Doc. #110), filed February 28, 2005;

10. Plaintiff's "Pro Se" Motion for Temporary Restraining Order Pursuant to Fed. Rules of Civil Procedure, Rule 56(b)(d) (Doc. #113), filed March 17, 2005;

11. Plaintiff's "Pro Se" Motion for Temporary Restraining Order Pursuant to Fed. Rules of Civil Procedure, Rule 56(b)(d) (Doc. #114), filed March 24, 2005;

12. Plaintiff's "Pro Se" Motion for Temporary Restraining Order Pursuant to Fed. Rules of Civil Procedure, Rule 56(b)(d) (Doc. #118), filed March 28, 2005.

Magistrate Judge Boyd N. Boland issued a Recommendation on May 3, 2005, which is incorporated herein by reference. See 28 U.S.C. § 636(b)(1)(B); FED. R. CIV. P. 72(b). Magistrate Judge Boland recommends that the motions submitted by Plaintiff be denied, and further, that Plaintiff be ordered to cease filing any further motions seeking injunctive relief from Indiana State officials.

Magistrate Judge Boland advised the parties that specific written objections were due within ten (10) days after being served with a copy of the Recommendation. Recommendation, at 4. Despite this advisement, no objections were filed to Magistrate Judge Boland's Recommendation. No objections having been filed, I am vested with discretion to review the Recommendation "under any standard [I] deem[] appropriate." *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985) (stating that "[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings"). Nonetheless, though not required to do so, I review the Recommendation to "satisfy

[my]self that there is no clear error on the face of the record."[1]  See FED. R. CIV. P. 72(b) Advisory Committee Notes.

I see no clear error in Magistrate Judge Boland's Recommendation.  I agree with Magistrate Judge Boland that injunctive relief is a drastic remedy, and should be granted only in cases where the right to relief is clearly established.  I further agree with Magistrate Judge Boland that Plaintiff has not established the right to injunctive relief.  Plaintiff's motions all seek relief from the actions of prison officials and/or officers of the Indiana Department of Corrections, none of whom is a party to the current litigation.  Since granting injunctive relief against officials of the Indiana Department of Corrections would have no impact upon the behavior of the above named Defendants, Plaintiff's requests for injunctive relief must be denied.  Lastly, I agree with Magistrate Judge Boland that Plaintiff is abusing the judicial system by filing frivolous motions, and that Plaintiff should be ordered to cease filing further motions for injunctive relief in this manner.

Accordingly, it is

ORDERED that the Recommendation of United States Magistrate Judge Boland, dated March 15, 2005, is **AFFIRMED and ADOPTED**.  In accordance therewith, it is

FURTHER ORDERED that Plaintiff's "Pro Se" Motions for Temporary Restraining Order Pursuant to Fed. Rules of Civil Procedure, Rule 56(b)(d) (Docs. #85, 90, 98, 100, 103, 105, 100, 113, 114, 118) and Plaintiff's "Pro Se" Motions to [Order] Prison Officials . . . (Docs. #93, 97) are **DENIED**.  It is

---

[1] Note, this standard of review is something less than a "clearly erroneous or contrary to law" standard of review, FED. R. CIV. P. 72(a), which in turn is less than a *de novo* review, FED. R. CIV. P. 72(b).

FURTHER ORDERED that Plaintiff cease filing any further motions seeking injunctive relief against officers and officials of the Indiana Department of Corrections.

Dated: August 3, 2005

                              BY THE COURT:

                              s/ Wiley Y. Daniel
                              Wiley Y. Daniel
                              U. S. District Judge