IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 03-cv-00241-WYD-BNB

JOHN ERIC THOMAS,

    Plaintiff,

v.

JOSEPH E. GUNJA, Warden,
CORRECTIONAL OFFICER [MALE] VALLE,
CORRECTIONAL OFFICER [MALE] WATSON,
C. SANTOS [FEMALE] Physician Assistant [P.A.],
C. GARCIA [MALE] Physician Assistant [P.A.],
CORRECTIONAL OFFICER [MALE] ROBLISS,
MR. ACOSTA, Assistant Warden,
SPECIAL HOUSING UNIT (S.H.U.) [MALE] LIEUTENANT CORRECTIONAL OFFICER
L. RITTENMEYER,

    Defendants.

**ORDER AFFIRMING AND ADOPTING
UNITED STATES MAGISTRATE JUDGE'S RECOMMENDATION**

THIS MATTER is before the Court on Defendants' Motion to Dismiss ("Defendants' Motion"), filed January 9, 2004. Defendants Gunja, Valle, Watson, Santos, Garcia, Robliss, and Acosta seek to dismiss *pro se* Plaintiff John Eric Thomas' claims that Defendants violated Plaintiff's Fifth, Sixth, Eighth, and Fourteenth Amendment rights. Specifically, Defendants state that Plaintiff's claims should be dismissed under Rules 12(b)(1) and 12(b)(6) because (1) Plaintiff failed to exhaust administrative remedies as required under the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e, (2) Plaintiff failed to allege personal participation in the alleged constitutional violations on the part of Defendants Gunja, Acosta, Watson, and Robliss,

and (3) Defendants, acting in their official capacity as officers of a United States federal agency, are immune from suit.  The Motion to Dismiss was referred to Magistrate Judge Boyd N. Boland for a Recommendation pursuant to an Order of Reference dated April 30, 2003.

Through his Recommendation filed May 9, 2005, which is incorporated herein by reference, Magistrate Judge Boland recommends that Defendants' Motion be granted in part and denied in part.  *See* 28 U.S.C § 636(b)(1)(A); FED.R.CIV.P. 72(a); D.C.COLO.LCIVR. 72.1(C)(1).  On June 10, 2005, Defendants filed a timely Objection to the Magistrate Judge's Recommendation, which necessitates a *de novo* determination as to those specified proposed findings or recommendations to which objection is made since the nature of the matter is dispositive.  FED.R.CIV.P. 72(b); 28 U.S.C. § 636(b)(1).

**I.    STANDARD OF REVIEW**

The purpose of a motion to dismiss is to decide if the pleadings outlined in the complaint are sufficient to state a claim.  Pleadings of a *pro se* plaintiff should be liberally construed, *Haines v. Kerner*, 104 U.S. 529, 520-21 (1972), however, the Court cannot act as an advocate for a *pro se* litigant, who must still comply with the requirements of the Federal Rules of Civil Procedure.  *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  In ruling on a motion to dismiss, I must accept Plaintiff's well-pleaded allegations as true, and construe all reasonable inferences in favor of Plaintiff.  *Los Angeles v. Preferred Communications, Inc.*, 476 U.S. 488, 493 (1986).  "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims."  *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).  A

claim should be dismissed only where, without a doubt, the plaintiff could prove no set of facts in support of his claims that would entitle him to relief. *Meade v. Grubbs*, 841 F.2d 1512, 1526 (10th Cir. 1988).

## II.   BACKGROUND

Plaintiff was incarcerated by the Federal Bureau of Prisons ("BOP") at the United States Penitentiary ("USP") in Florence, Colorado.[1]  The Complaint, filed February 7, 2003, alleges the following:

1.   On January 2, 2003, while Plaintiff was in leg-irons and handcuffed with his hands behind his back, defendant Valle, a correctional officer, slammed the left side of Plaintiff's head into a window.  Plaintiff received a gash on his left eyebrow as a result of the assault.  The assault occurred while Plaintiff was housed in the Special Housing Unit ("SHU").  Defendants Watson and Robliss witnessed the assault.

2.   Plaintiff sought medical care from defendant Garcia, a physician's assistant, twice that day.  Defendant Garcia refused to clean Plaintiff's wound both times.  Defendant Santos, also a physician's assistant, refused to clean the wound.

3.   On January 3, 2003, Plaintiff verbally informed defendant Gunja, the Warden, and defendant Acosta, the Assistant Warden, that he was assaulted and that he was denied medical care.  These defendants supported the assault and the denial of medical care.

4.   On January 2, 2003, Plaintiff verbally informed defendant Rittenmeyer, the correctional officer in charge of the SHU, of the assault.

---

[1] This background information is taken directly from Magistrate Judge Boland's Recommendation at pages 3-4.

The Complaint asserts three claims pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). Claim One alleges that defendants Garcia and Santos violated Plaintiff's Fifth, Sixth, Eighth, and Fourteenth Amendment rights when they refused to clean Plaintiff's wound. Claim One further alleges that defendants Gunja and Acosta supported the assault and the denial of medical care. Claim Two alleges that defendant Valle violated Plaintiff's Fifth, Sixth, Eighth, and Fourteenth Amendment rights when he assaulted Plaintiff. Claim Three alleges that defendant Rittenmeyer violated Plaintiff's Fifth, Sixth, Eighth, and Fourteenth Amendment rights because he has created a work environment that is both hostile and discriminatory. Compl., sixteenth consecutive page.

## III.  ANALYSIS

Magistrate Judge Boland recommends that Defendants' Motion be denied to the extent it seeks dismissal for failure to exhaust administrative remedies and insofar as it seeks dismissal of defendants Gunja, Acosta, Watson, and Robliss based upon Plaintiff's failure to allege their personal participation, and granted to the extent it seeks dismissal of the claims against the defendants in their official capacities. Recommendation, at 8-9. Defendants object to Magistrate Judge Boland's recommendation that Defendants' Motion be denied to the extent it seeks dismissal of Plaintiff's claims for failure to exhaust administrative remedies as required under PLRA.[2] I address Defendants' objection below.

---

[2] Defendants do not object to Magistrate Judge Boland's recommendation that Defendants' Motion be denied insofar as it seeks dismissal of Defendants Gunja, Acosta, Watson, and Robliss based upon Plaintiff's failure to allege their personal participation, nor do Defendants object to the Magistrate Judge's recommendation that Defendants' Motion be granted to the extent it seeks dismissal of the claims against the Defendants in their official capacities as officers of the BOP.

The Tenth Circuit held that the PLRA, 42 U.S.C. § 1997e(a), imposes upon a prisoner bringing a *Bivens* claim the burden of pleading with specificity how the plaintiff has exhausted administrative remedies. *Steele v. Federal Bureau of Prisons*, 355 F.3d 1204 (10th Cir. 2003). To satisfy the pleading requirement, a plaintiff must either "attach copies of the administrative proceedings or describe their disposition with specificity." *Steele*, 355 F.3d at 1211. In the case at bar, Plaintiff acknowledges that he has not exhausted the administrative remedies. Instead, Plaintiff alleges that he was unable to file a grievance because non-defendant prison officials refused to provide him with the necessary forms to do so. Compl., seventeenth consecutive page.

To refute Plaintiff's claim, Defendants submitted the Declaration of Christopher B. Synsvoll, supervisory attorney at the Florence USP, wherein Mr. Synsvoll states Plainitff "filed a Request for Administrative Remedy" in other matters, and that these filings "establish[] that the plaintiff had access to the necessary administrative remedy forms." Synsvoll Decl., at 4. I disagree. As the Magistrate Judge points out, Plaintiff's access to grievance forms for other matters does not establish that he had access to grievance forms for the matters alleged in this action. Moreover, I find Mr. Synsvoll's declaration is unresponsive to Plaintiff's allegation that he was denied access to grievance forms regarding the matters alleged in the complaint. Simply asserting that he had access to grievance forms in other matters does not refute Plaintiff's allegation that he was refused access to grievance forms for the specific claims at bar.

Through their Objection, Defendants reassert their claim that Plaintiff's access to grievance forms in other matters demonstrates that Plaintiff chose not to raise

5

grievance claims in this matter.  Objection, at 3.  Defendants further argue that interference with the administrative remedy procedures does not excuse a prisoner from exhausting those remedies.[3]  To support the latter argument, Defendants cite to *Herrera v. County of Santa Fe,* 79 Fed.Appx. 422 (10th Cir. 2003) (unpublished opinion) and *Garcia v. Taylor*, 113 Fed.Appx. 857 (10th Cir. 2004) (unpublished opinion), in which the Tenth Circuit dismissed the plaintiffs' claims because the plaintiffs failed to exhaust available administrative remedies.

I find *Herrera* and *Garcia* distinguishable from this case.  In *Herrera*, for example, the Tenth Circuit held that the plaintiff's claim that prison officials used excessive force against him should be dismissed because, contrary to his claims, Herrera was not denied access to grievance forms, but simply did not attempt to exhaust the remedies available to him.  Herrera's arguments that administrative remedies were unavailable to him because (1) he was hospitalized for three days, (2) he had been initially denied grievance forms in the past (although he admitted he eventually received forms), and (3) the administrative remedy was unlikely to give him effective relief, did not prevail.  *Herrera*, 79 Fed.Appx. at 424-25.  Herrera's argument that all the prior complaints he had filed should satisfy the exhaustion requirement was equally unpersuasive to the Tenth Circuit.  *Id.*  In the case at bar, Plaintiff does not allege that he was denied

---

[3] Defendants also argue that "plaintiff has failed to establish, other than in a conclusory fashion, that he was impeded from filing on the subject claims."  Objection, at 4.  In support of this argument, Defendants cite to *Steele v. Federal Bureau of Prisons*, in which the Tenth Circuit held that "the burden of pleading exhaustion is on the plaintiff."  *Id.*  However, the Tenth Circuit only placed upon a plaintiff prisoner the burden of pleading *exhaustion* of administrative remedies with specificity under the PLRA.  The Court did not interpret the PLRA as requiring a plaintiff to plead with specificity why he or she *failed* to exhaust administrative remedies because, unlike the case at bar, the plaintiff in *Steele* never contended "that [the] prison staff foreclosed his own attempt to file a grievance."  *Steele*, 355 F.3d at 1214.

grievance forms in the past, nor does he argue that his prior complaints satisfy the exhaustion requirement under the PLRA. Plaintiff alleges that, with regard to these three particular complaints, he has been denied access to the administrative remedy process entirely.

In *Garcia*, the plaintiffs' claims were dismissed without prejudice because plaintiffs' allegation that they were denied grievances due to their status as Department of Corrections inmates became moot when the defendant county jail agreed to allow the plaintiffs to utilize the county jail grievance system. *Garcia*, 113 Fed.Appx., at 859. Once the administrative process became available, plaintiffs were required to exhaust their administrative remedies prior to again filing in federal court. Here, Plaintiff neither refutes the existence of a grievance process, nor alleges that said grievance process was unavailable to him because of his prisoner status. Rather, Plaintiff alleges that he was denied access to an existing grievance process that he should have been able to access as an inmate in the USP. Furthermore, the Tenth Circuit specifically recognized in *Garcia* an exception to the total exhaustion of administrative remedies requirement when there has been interference in the grievance process by BOP officials. *Garcia,* 113 Fed.Appx. at 859 ("refusing a prisoner grievance forms could raise an inference that the plaintiffs have exhausted 'available' administrative remedies" because such interference means the prisoner can no longer utilize the grievance process).

In ruling on a motion to dismiss, all well-pleaded allegations in the complaint must be accepted as true. *Preferred Communications, Inc.*, 476 U.S. at 493. Furthermore, because this case is before me on a motion to dismiss, I must construe all

7

inferences in a manner most favorable to Plaintiff. *Id.* Accordingly, Plaintiff's allegation that he was denied access to the grievance process precludes dismissal of Plaintiff's claims on the grounds he failed to exhaust administrative remedies prior to filing suit. For these reasons, I find that Defendants' Motion should be denied to the extent it seeks dismissal of Plaintiff's claims for failure to exhaust administrative remedies as required under the PLRA.

**IV.     CONCLUSION**

For the above reasons, I agree with Magistrate Judge Boland's Recommendation. Accordingly, it is

ORDERED that the Recommendation of the United States Magistrate Judge, dated May 9, 2005, is **AFFIRMED and ADOPTED**. In accordance therewith, it is

ORDERED that Defendants' Motion to Dismiss, filed January 9, 2004, is **GRANTED IN PART** and **DENIED IN PART** as follows:

1) **DENIED** to the extent it seeks dismissal for failure to exhaust administrative remedies;

2) **DENIED** insofar as it seeks dismissal of defendants Gunja, Acosta, Watson, and Robliss based upon Plaintiff's failure to allege their personal participation; and

3) **GRANTED** to the extent it seeks dismissal of the claims against the Defendants in their official capacities.

Dated: August 18, 2005.

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
U. S. District Judge