IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No.  03-cv-00241-WYD-BNB

JOHN ERIC THOMAS,

      Plaintiff,

v.

JOSEPH E. GUNJA, Warden,
CORRECTIONAL OFFICER VALLE,
CORRECTIONAL OFFICER WATSON,
CELESTE SANTOS, Physician Assistant,
CELSTINO GARCIA, Physician Assistant,
CORRECTIONAL OFFICER ROBLISS,
MR. ACOSTA, Assistant Warden,
CORRECTIONAL OFFICER L. RITTENMEYER,

      Defendants,

_____

**ORDER**
_____

This matter is before me on the following motions (the "Motions"):

(1)  **Plaintiff's "Pro Se" Motion for Settlement with Defendants**, filed August 19, 2005;

(2)  **Plaintiff's "Pro Se" Motion Demanding this Court to Provide Legal Authorities**, filed August 19, 2005; and

(3)  **Plaintiff's "Pro Se" Motion Demanding this Court to Order July, 19, 2005 Deposition**, filed September 6, 2005.  For the following reasons, the Motions are DENIED.

As a preliminary matter, the Motions repeatedly refer to the Court as "prejudiced."  I will not tolerate the plaintiff's contumacious language and conduct, and it must stop.  Failure to

comply with this order may result in a recommendation that this case be dismissed.

### Plaintiff's "Pro Se" Motion for Settlement with Defendants

The plaintiff requests that the defendants settle this case for $150,000.00. He further "demands this prejudiced court grants [sic] his motion." *Motion*, p. 3. A court cannot impose a settlement on the parties.[1] Accordingly, the plaintiff's request is DENIED.

### Plaintiff's "Pro Se" Motion Demanding this Court to Provide Legal Authorities

The plaintiff demands that the court provide him with legal authority for requiring him to limit the title of his motions to ten words or less. See *Order issued July 19, 2005*. The plaintiff's demand is DENIED.

### Plaintiff's "Pro Se" Motion Demanding this Court to Order July, 19, 2005 Deposition

The plaintiff demands that the court provide him with a copy of the transcript of a deposition taken on July 19, 2005.[2] The plaintiff does not specifically request that the court pay for the costs of the requested transcript although he is proceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915. To the extent the plaintiff is asking the court to pay the costs of the transcript, it can be granted only if I am satisfied that the request is reasonable. See Burgess v. Andrews, 657 F. Supp. 1153, 1157 (W.D. N.C. 1987).

The plaintiff does not explain why he needs a copy of the transcript. Instead, he provides eighteen pages of handwritten, single-spaced gibberish--none of which appears to be relevant to

---

[1] The plaintiff does not request a settlement conference. If the parties want to schedule a settlement conference, they may file a written motion with the court.

[2] It appears that the plaintiff is seeking a transcript of his own deposition testimony, taken by the defendants some time after June 17, 2005. See *Order issued June 17, 2005*; *Motion*, tenth consecutive page.

his request.

IT IS ORDERED that the Motions are DENIED.

IT IS FURTHER ORDERED that the plaintiff shall cease his use of contumacious language.

Dated November 8, 2005.

BY THE COURT:

/s/ Boyd N. Boland
United States Magistrate Judge