IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 03-cv-00241-WYD-BNB

JOHN ERIC THOMAS,

    Plaintiff,

v.

JOSEPH E. GUNJA, Warden,
CORRECTIONAL OFFICER VALLE,
CORRECTIONAL OFFICER WATSON,
CELESTE SANTOS, Physician Assistant,
CELSTINO GARCIA, Physician Assistant,
CORRECTIONAL OFFICER ROBLISS,
MR. ACOSTA, Assistant Warden,
CORRECTIONAL OFFICER L. RITTENMEYER,

    Defendants,
_____

### RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

    This matter is before me pursuant to my Order to Show Cause dated December 1, 2005. For the following reasons, I respectfully RECOMMEND that this action be DISMISSED WITH PREJUDICE.

    The plaintiff is currently in the custody of the State of Indiana. He filed his Complaint on February 7, 2003, against officials of the United States Penitentiary in Florence, Colorado.

    On August 3, 2005, the district judge denied twelve motions filed by the plaintiff. All twelve motions sought injunctive relief against prison officials at the Indiana Department of Corrections. They all were denied on the basis that this action is brought against officials of the United States Penitentiary in Florence, Colorado, and not against officials of the Indiana

Department of Corrections.  See Green v. Branson, 108 F.3d 1296, 1300 (10th Cir. 1997) (holding that, because "entry of injunctive relief in [the plaintiff's] favor would have no effect on the defendants' behavior," the plaintiff's requests for injunctive relief must be denied).  In addition, the motions were found to be frivolous, and the plaintiff's behavior in filing the motions was found to be abusive.  The plaintiff was ordered to cease filing any further motions for injunctive relief against Indiana state officials.

Despite the Court's order of August 3, 2005, the plaintiff filed a motion entitled "Plaintiff [sic] Pro Se Motion for Entry" on November 28, 2005, which again seeks injunctive relief against prison officials at the Indiana Department of Corrections for alleged federal civil rights violations.  The motion seeks exactly the same injunctive relief as several of the motions that were denied on August 3, 2005.

The local rules of this court provide:

> A judicial officer may issue an order to show cause why a case should not be dismissed for lack of prosecution or for failure to comply with these rules, federal rules of civil or criminal procedure, or any court order.  If good cause is not shown within the time set in the show cause order, a district judge or magistrate judge exercising consent jurisdiction may enter an order of dismissal with or without prejudice.

D.C.COLO.LCivR 41.1.

Pursuant to Local Rule 41.1, I ordered the plaintiff to show cause why this case should not be dismissed for abusing the judicial system and for failing to comply with the Court's order of August 3, 2005.  I warned the plaintiff that in the event no such showing is made, I would recommend that the action be dismissed, with prejudice, for abusing the judicial system and for failing to comply with an order of this Court.

2

On December 13 and December 27, 2005, the plaintiff again filed motions complaining of the actions of Indiana state officials and requesting that this Court order a "federal civil rights investigation."

On December 27, 2005, the plaintiff filed a response to my show cause order (Doc. #182). The Response accuses the Court of being "prejudiced and discriminatory," of being an advocate for the defendant, of threatening the plaintiff, and of attempting to silence the plaintiff. The plaintiff demands that the Court rescind the show cause order and that I excuse myself from this action. The plaintiff's accusations and demands are based on this Court's denial of the plaintiff's requests for injunctive relief against Indiana prison officials and on the Court's order directing the plaintiff to cease filing motions for injunctive relief against Indiana officials. The plaintiff's accusations and demands are without merit, and I denied the plaintiff's request that I recuse myself. See Order, entered January 27, 2006. In addition, the plaintiff has utterly failed to provide a meaningful response to the show cause order. Therefore, dismissal is appropriate under Local Rule 41.1.

In addition to Local Rule 41.1, the Federal Rules of Civil Procedure authorize sanctions, including dismissal of a case, for failing to comply with court rules or any order of the court. Fed. R. Civ. P. 41(b); see Conkle v. Potter, 352 F.3d 1333, 1337 (10th Cir. 2003); Gripe v. City of Enid, 312 F.3d 1184, 1188 (10th Cir. 2002). Before imposing dismissal as a sanction, however, a district court must evaluate appropriate factors, including the following:

> (1) the degree of actual prejudice to the [other party]; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions. Only

> when the aggravating factors outweigh the judicial system's strong predisposition to resolve cases on their merits is dismissal an appropriate sanction.

Ehrenhaus v. Reynolds, 965 F.2d 916, 921 (10th Cir. 1992)(internal quotations and citations omitted). The circuit court also acknowledged in Ehrenhaus that "dismissal represents an extreme sanction appropriate only in cases of willful misconduct." Id. at 920.

This is an extreme case. The Court has twice explained to the plaintiff that he cannot obtain relief against Indiana state officials because none of the officials are a party to this action. *Order dated August 3, 2004*; *Recommendation of United States Magistrate Judge dated May 3, 2005*. The Court has twice warned the plaintiff that his motions for injunctive relief are frivolous and that repeated submission of frivolous motions for injunctive relief constitutes an abuse to the judicial system. Id. The Court has twice ordered the plaintiff to cease filing any further motions seeking injunctive relief against Indiana officials. Id. Finally, the Court has warned the plaintiff that failure to show cause would result in dismissal of his case with prejudice. *Order to Show Cause dated December 1, 2005*. Despite clear directives from the Court, the plaintiff has continued his abusive filings.

Applying the Ehrenhaus factors, I find that the plaintiff's abusive behavior has substantially interfered with the judicial process. The plaintiff has littered the case file with unfounded motions and objections which do not meaningfully address the issues in this case. The plaintiff's abusive behavior has resulted in tremendous additional work for the Court. Moreover, the defendants have had to incur the expense of responding to some of the abusive and frivolous filings.

The plaintiff is obviously culpable. He has been ordered to stop his abusive filing, and he has been warned that failure to show cause for continued abusive filing could result in dismissal of his case with prejudice. Nevertheless, he has continued to file motions requesting relief against Indiana State officials.

A sanction less than dismissal with prejudice would not be effective. The plaintiff is proceeding *in forma pauperis*, and a monetary sanction would be ineffective. The plaintiff has repeatedly ignored unambiguous Court orders and warnings. Instead of showing cause for ignoring the Court's orders to cease filing motions for relief from Indiana state officials, he attacked the Court's integrity and filed additional requests for relief from Indiana state officials. His conduct shows a total lack of respect for the Court and the judicial system. Dismissal with prejudice is the only effective sanction.

In summary, I find that under the specific facts of this case, the aggravating factors of the plaintiff's repeated misconduct--in the face of the Court's orders and warnings to stop--outweigh the judicial system's strong predisposition to resolve cases on the merits. The plaintiff has failed to show cause why this case should not be dismissed with prejudice for abusing the judicial system and for failing to comply with orders of this Court.

I respectfully RECOMMEND that this action be DISMISSED WITH PREJUDICE for the plaintiff's abuse of the judicial system and for his repeated failures to comply with orders of this Court.

FURTHER, IT IS ORDERED that pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have 10 days after service of this recommendation to serve and file specific, written objections. A party's failure to serve and file specific, written objections waives *de novo*

review of the recommendation by the district judge, Fed. R. Civ. P. 72(b); <u>Thomas v. Arn</u>, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. <u>In re Key Energy Resources Inc.</u>, 230 F.3d 1197, 1199-1200 (10th Cir. 2000). A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review. <u>United States v. One Parcel of Real Property</u>, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated January 27, 2006.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge